Good morning, Your Honors. Trent Packer, Federal Defendant of San Diego v. Mr. Morales. As an initial matter, the government has moved to dismiss this appeal, claiming that an appellate waiver provision in Mr. Morales' plea agreement forecloses this appeal. But because the district court's Rule 11 plea colloquy failed to comply with Rule 11 in several significant ways, not the least of which was a failure to advise Mr. Morales about the presence of that appellate waiver provision and confirm that he understood that provision, the appeal should not be dismissed. And Mr. Morales requests remand to the district court for an adequate articulation of the Section 3553A consideration. Counsel, let me just zero in on what concerns me about your argument in this appeal. Your sentencing memorandum at pages 7 to 10 of the excerpts specifically requested a sentence of 63 months. The trial court gave a sentence of 63 months. And now you're saying, oh, we shouldn't have gotten 63 months. Why isn't this classic invited error? Your Honor, the request was for 63 months. There are two points in the memorandum itself where Mr. Morales set forth, where the memorandum set forth that this sentence was more than sufficient under Section 3553. That's hyperbole, though. He says, give me 63 months. That's what he asks for. That's right, Your Honor. But regardless of what the joint recommendation was or Mr. Morales' request, that doesn't obviate the district court's need to separately address the Section 3553A factors. And here, the court's lone reference is that it's... Well, I make, you know, the invited error doctrine walks around all that, in a sense, because it assumes that maybe there was a mistake, but that the court was lured into making that mistake by the party that's now complaining of that mistake. So that's why, just to say, well, gee, there was a mistake, underlying that doesn't really, I don't think, answer my problem. I certainly understand the court's concern, but I will again note that there were significant factors in mitigation that were set forth in the memorandum. Yes, the ultimate request was for the district court to follow the joint recommendation, but there were factors set forth, particularly regarding Mr. Morales' history and characteristics, that the court simply did not address at all. Well, I know that because the defendant said, in this case, consideration of the Set 3553 sentencing factors and analysis of the applicable guidelines demonstrates that a 63-month sentence is appropriate. So when the court says, hey, I agree with you, applying those factors, 63 months looks fine to me, too. I just am baffled by how you can say in three or four different places in writing that this is an application of 3553A and the guidelines and that 63 months is what you should get, and then say, oh, never mind, we didn't mean it. It just, I don't understand how we can say that was erroneous. Again, I understand the court's concern, and there's no, I'm mindful of my ethical obligations to my client. I understand. If you request that I appeal, I appeal. And once I appeal, my obligation is to fight as strenuously as possible to argue that the sentence was not reasonable. And to that end, I also point to page 19 of the excerpts of record where it's made clear to Mr. Morales that while there is a joint record. But your client got what he asked for. That's right, Your Honor. So. What would the guidelines, what's the guidelines range that's applicable? Well, assuming that the court elicited sufficient admissions to trigger a 20-year statutory maximum, which is a point that we also dispute in our briefs, the guideline range, after taking into account the two-level fast-track departure and the three points for acceptance of responsibility, was 63 to 77 months. It's hard to think that this isn't okay. Again, I understand the court's position on that issue. And, you know, I've had the same thing come up when I was a trial judge. I had public defendants plead for a sentence. So my client ought to have probation. I look at the client and go, look at me. Talk to your client. Find out. The guy wanted to go to Terminal Island. And he was a very skilled plumber. And he found out because he just got through fixing up the plumbing in Arizona, in the federal prison there. And he heard that Terminal Island was having a lot of plumbing problems. And he estimated it would take him five years to put that in shape. And he had some of his friends who were skilled plumbers as inmates. So he wanted to go back there and he wanted to, you know, he was a good citizen. He wanted to take care of it. And he figured, you know, five years would just be about right. So I said, all right, if that's what you want, it's all right with me. If you change your mind, let me know. We'll see what you do. But, you know, that's not unusual. It's not, Your Honor. And I understand, again, my obligation in the trial court was to comply with a plea agreement. It would have been breached. It would have subjected Mr. Morales to a potentially higher sentence if I did not. Once that obligation changed, now I'm here asking the court to ask the district court to do what is minimally required under Section 3553A. Not only did we have a completely deficient Rule 11 colloquy here, but we also have just a cursory mention of what reasons or what factors the court is relying on to arrive at its sentence. Again, pointing to the exercise record at page 29. The court here says only that he is reviewing the criteria set forth in Title 18, Section 3553A. Again, understanding the court's concern with the invited error issue, this is still not sufficient to comply with the district court's obligation under Title 18, 3553, to separately consider and articulate reasons for imposing a sentence under Section 3553A. If that's the problem that we have here is we have a record that's completely devoid of any analysis whatsoever. And that is the genesis for our request for a revamp to the district court where the district court could go through those Section 3553A factors and give the same sentence, potentially a higher sentence. We understand that. But the district court, at a minimum, should be required to address those factors, and in particular, the non-frivolous arguments that Mr. Morales made for a lower sentence. So with that, I would just ask to reserve the remainder of my time. All right. Thank you. May it please the Court. Seth Askins for the United States in this case. I would like to touch briefly first on an issue that wasn't really addressed here in Mr. Packer's argument, and that is that the government's position in this case is that the appellate waiver contained in the plea agreement is valid and that this Court should dismiss it. Well, the Rule 11 colloquy was deficient, wasn't it? There were omissions in the Rule 11 colloquy. However, this Court has previously said that. Well, there are more than omissions. It didn't say anything about it. I understand the Court's concern, Your Honor. I believe there were seven specific items which weren't covered, the perjury or false statement, the right to plead not guilty, the right to be represented by counsel and appointed counsel if necessary, the nature of the charges, the fact that the sentence would be calculated, at least in part based upon the calculation of the sentencing guidelines. Were you there when all this happened? I was not, Your Honor. I was not present. Someone from my office was present. Well, didn't that person really should have asked to approach the sidebar depending on the circumstances and saying something about it? I would agree with that assessment, Your Honor. He should have. However, defense counsel who was present at that time also did not, which of course would place it here before this Court under a plain error standard. Well, let's assume that we'll get to the merits. Would you briefly give us your view of the merits? Certainly, Your Honor. As you've already touched on, our first view is that the sentence which was imposed, to the extent that it is there and we don't concede that it is there. Well, I made that remark because it's the duty of the prosecutor to bring those to the Court's attention if there are any deficiencies. With regards to the Rule 11 omissions, Your Honor? Yeah. Your Honor, I would agree insofar as it is the duty of the prosecutor and I would also say that it's the duty of defense counsel as an officer of the Court and for this Court to say otherwise would encourage sandbagging, for lack of a better term, in this 1326A to be guilty plea process where counsel can sit quiet during what is obviously a deficient Rule 11 inquiry and then subsequently on appeal complain of those errors in order to avoid the appellate waiver and yet not ask for the sentence to be vacated, which would seem to be the appropriate remedy under Portillo-Cano and other decisions of this Court, but rather simply to seek to challenge the sentence for a remand in an effort to get a lesser sentence on what would basically be a lesser included offense with a two-year statutory maximum cap. It is the government's position that there was fault all around in this case. Attorney? It's their job. They get a record that maybe they can appeal some issues on. It's your job to see that the record is clear. Anyway, that's the way I look at it. Do you think it is mandatory for the Court to give reasons when defense counsel has pled that 63 months is going to be just enough to do what's proper in this case, it's a proper decree? I don't, Your Honor. And I look to this Court's decision in Cardi for support on that. What Cardi said referencing Gall is that there's a certain procedure which has to be followed in terms of calculating the sentence. That is the calculation of the guidelines, letting the parties argue, considering the 3553A factors, justifying any sentence which is either above or below the guideline range, and providing an explanation that allows meaningful review. Cardi built upon that and said that where the sentence that is imposed is a within-guideline sentence, and I want to quote here, a within-guideline sentence ordinarily needs little explanation unless one party requested a specific departure, argued that a different sentence was warranted, or challenged the guideline calculations as contrary to 3553A. That is decidedly not what happened here. In this case, Judge Whalen was clear that he calculated the guidelines, he allowed both sides to argue. It was a very brief argument. The government submitted on the joint recommendation and didn't even argue. Judge Whalen then indicated that he was mindful of the statutory maximum penalty, that he had reviewed and considered the section 3553A factors, and then imposed the jointly recommended low end of the guideline sentence, which had been requested in a sentencing memorandum and in argument by defense counsel. Under those situations, under those facts, Judge Whalen complied with Cardi, and Cardi is clear that very little explanation would be needed to justify that sentence. There's one other issue I would briefly like to touch upon, and it regards both the waiver and a substantive challenge to the sentence in this case, and that is the appellant's allegation that the sentence in this case was illegal because the defendant did not admit his removal date during the plea trial. In support of that argument, he cites one case, and that's this Court's decision in Cobie and Sandoval. Cobie and Sandoval, although it's cited by the appellant, actually supports the government's position. In Cobie and Sandoval, the defendant in that case pled guilty to a 1336A and B information. That was the case there. I'm sorry. It was an indictment case. Without the benefit of the plea agreement, during the plea colloquy, he admitted a removal date that was actually prior to the date of his conviction for an aggravated felony. However, in sentencing, the sentencing court relied upon a removal date, a subsequent removal date, which was reflected in the PSR. Defense counsel in that case did not object to either the listing of it in the PSR or the district court's reliance upon it, and indeed argued for an enhanced sentence himself. Under those circumstances, this circuit found that it was plain error under Apprendi, but that there was no effect on the appellant's substantial rights in that case, primarily because he had not objected and, quote, most significantly, the defendant himself argued for an enhanced sentence. Now, this, the present case is an even better argument that there's not even plain error under Apprendi because this defendant pled guilty pursuant to the terms of a plea agreement. And in that plea agreement, which was referenced during the guilty plea colloquy, which he admitted signing, having read, understanding the terms, and having discussed it with his counsel, contained admissions by the defendant that he had been convicted of an aggravated felony on July 9, 1996. He had been subsequently removed on December 11, 2008, and going above and beyond that the 16-level sentencing enhancement was appropriate in light of those facts. When that's incorporated into the Rule 11 colloquy, he clearly has admitted his removal date and there's no Apprendi error. However, even if there is, like Covey and Sandoval, this is a case where there's no effect on the appellant's substantial rights. That's because you have the guilty plea admissions and looking through the entire record to make that determination. And you also have the fact, most importantly once again, that defense counsel argued for not just an enhanced sentence, but the very enhanced sentence that was imposed in this case. Under those facts, there's no plain error. Therefore, there's no illegal sentence which would invalidate the appellate waiver provision. And even if the court were to address the merits in this case, it's not an illegal sentence. 63 months was a reasonable sentence. It was the sentence requested by counsel. And the only thing unreasonable is arguing before this court now that it is unreasonable. Unless there are other questions from the panel, I would submit. All right. Thank you. Briefly, I want to address counsel's points made with respect to the government's motion to dismiss. First of all, it's our contention that this court should not apply a plain error standard if this court's precedent, both before the Supreme Court's decisions in Vonn and Dominguez and after have said that this court, when determining whether a waiver of appeal provision should be enforced, will employ a de novo standard of review. And under that standard of review, the court looks to whether the plea colloquy was knowingly voluntary. Namely, did the defendant give up his right to appeal knowingly and voluntarily? And where the district court completely abdicates its responsibility to notify the defendant about the presence of the provision and to confirm that he understood it, that doesn't comply with Rule 11, and therefore this court should reach the merits of the appeal. Now, in their papers, the government cited a Michelin case, but that case, Judge Fletcher authored in 1994, predated the change in Rule 11 that required district courts to separately confirm the presence of an appellate waiver and confirm that a defendant knowingly and voluntarily gave up his right to appeal. So unless the Court has any further questions, I would submit. I don't think we do. Thank you. Okay. Yeah. Just to say thanks for reading our opinions.
judges: Fletcher B. , Pregerson, Graber